## HOVDEN v. SEATTLE ELECTRIC CO.

(Circuit Court, W. D. Washington, N. D. July 20, 1910.)

### No. 1,838.

1. STREET RAILROADS (§ 117*)—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEG-LIGENCE.

Plaintiff attempted to cross a street in the middle of a block, and, after waiting for a car to pass her, stepped in front of a car moving on the further track in the opposite direction and was struck and injured. She had lived in the vicinity of the accident for several months and was familiar with the tracks and the running of cars thereon. She had also seen the car by which she was injured approaching and had noticed that it was moving rapidly. *Held* that, if plaintiff had been a person of ordinary understanding and intelligence, she would have been guilty of contributory negligence as a matter of law precluding her recovery, but where there was evidence that she was of low intelligence the question was for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 248-250; Dec. Dig. § 117.*]

2. NEGLIGENCE (§ 68*)—"CONTRIBUTORY NEGLIGENCE"—WHEN A BAR TO RECOVERY.

The plea of contributory negligence as a bar to recovery of damages in an action against a party primarily liable for an injury resulting from his negligence is available on proof that the accident could not have occurred if plaintiff had not failed to exercise care to avoid danger commensurate with his mental and physical capacities.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 92; Dec. Dig. § 68.*

For other definitions, see Words and Phrases, vol. 2, pp. 1540–1547; vol. 8, p. 7617.]

At Law. Action by Lena Hovden against the Seattle Electric Company to recover damages for personal injuries in a collision with

a street car. A verdict was rendered for plaintiff, and defendant moves for a judgment non obstante veredicto. Denied.

Martin J. Lund, for plaintiff.

E. M. Carr, James B. Howe, and Hugh A. Tait, for defendant.

HANFORD, District Judge. By the plaintiff's own statement and all the testimony introduced upon the trial it was clearly established that her own negligence was a contributing cause of the accident if negligence can be imputed to a person of her degree of intelligence. She is a Scandinavian past the age of youth, having had experience in travel from her native land to Seattle, where she had lived several months in the vicinity of the accident, so that she was familiar with the tracks and the running of cars thereon. She was struck and knocked over upon the fender on the front end of the car while attempting to cross the street, not at a regular crossing, but near the middle of a block. Before getting in the way, she had seen the car coming in her direction and noted that it was moving rapidly. A car going in the direction opposite to the one which inflicted the injury and on the side of the street nearest to the plaintiff had stopped, so that she had to pass around the rear end of it and then take but a step or two before coming in contact with the car which injured her.

In view of these facts, there could be no honest divergence of opinion with respect to the plaintiff's contributory negligence, assuming her to be a person having intelligence and capacity to care for herself equal to that of an adult person of ordinary understanding and intelligence. In the testimony of one of the doctors who examined the plaintiff, it was stated that she was stupid, and there was some apparent difficulty in eliciting testimony from her as a witness on the trial.

The court denied a motion for a nonsuit and put the defendant upon its defense and after the introduction of all the evidence on both sides denied a motion for a peremptory instruction to the jury to render a verdict for the defendant and by its instructions submitted the question, as to the plaintiff's contributory negligence, to be decided by the verdict of the jury, and explained that it would have to be determined by the jury in the light of the facts as they should find the same from consideration of the evidence; the general purport and meaning of the instructions on this point being that the jury should ascertain all the facts and decide the question as to whether the plaintiff's intelligence and capacity to care for herself at the time of the accident was equal to that of an adult person of average intelligence and capability, and then decide the dependent question whether, in view of her comparative intelligence and capability, negligence should be imputed to her.

It is the opinion of the court that there is no legal ground for the present motion, unless it was error for the court to submit the questions above indicated to the jury. On the authority of the decision of the Supreme Court in the case of Baltimore & Potomac R. R. v. Cumberland, 176 U. S. 232, 20 Sup. Ct. 380, 44 L. Ed. 447, this court

deems the questions submitted to be properly within the province of the jury to decide. In that case the court said:

"There is no hard and fast rule applicable to every one under like circumstances. To an adult, in full possession of his mental and physical powers, one standard may be applied; to a boy, particularly if he be of limited intelligence, another standard; and to an infant not sui juris and totally ignorant of danger, still another."

The rule deducible from the decision is that the plea of contributory negligence, as a bar to a recovery of damages in an action against a party primarily liable for an accidental injury resulting from his negligence, can only be made available by proving that the accident could not have occurred, if the plaintiff had not failed to exercise care to avoid danger commensurate with his mental and physical capacities.

This court would be justified in denying the motion on the authority of the decision of the Circuit Court of Appeals for the Ninth Circuit in the case of the United States v. Gardner, 133 Fed. 285, 66 C. C. A. 663. But the learned counsel for the defendant has made a forcible argument based on the law of procedure in this state, in opposition to that decision as a controlling authority applicable to this case, and, to avoid the unnecessary labor of covering that ground in this opinion, the court denies the motion on the authority of the Supreme Court decision above cited.

The order to be entered will be without prejudice to a petition for a new trial on any grounds not within the scope of this opinion.